$S$

# **COPY**

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

### FILED

LIVING FOR LIFE, LLC APR  9  PM 3 11 )
                                      )
Plaintiff, CATHERINE F. QUIST        )
           CIRCUIT COURT CLERK       )        No. 3-171-13
vs.                                  )        **JURY DEMAND**
                                     )
STATE FARM FIRE AND                  )
CASUALTY COMPANY                     )
                                     )
Defendant.                           )

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND DAMAGES

Plaintiff, Living for Life, LLC, (hereinafter "Living for Life" or "Plaintiff") sues the above-named Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm" or "Defendant") for damages and for its causes of action states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.    Living for Life, LLC is a Tennessee limited liability company and is the owner of two apartment buildings located at 3305 Tazewell Pike, Knoxville, Tennessee 37918 (hereinafter "the Buildings").

2.    State Farm Fire and Casualty Company is a foreign corporation with its principal place of business located at 1 State Farm Plaza, Bloomington, IL 61710. It is licensed to do business in the State of Tennessee and pursuant to Tennessee Code Annotated § 56-2-504, may be served with process through the Commissioner of the Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243-1131.

3.    This Court has subject jurisdiction over all causes of action asserted in the Complaint and has personal jurisdiction over the Defendant.

782654 1

**EXHIBIT**

tabbies®

A

4.   Venue of this action is proper in this Court and County.

## II. FACTS AND ALLEGATIONS

5.   Living for Life incorporates the allegations sets forth in paragraphs 1 through 4 above as if set forth fully herein.

6.   State Farm Fire and Casualty Company issued a policy of insurance to Living for Life, LLC, policy number 92-GX-8449-1 (hereinafter "the Policy"), that provided coverage for physical damage to the Buildings. The Policy period was from October 7, 2010 through October 7, 2011.

7.   The Policy insured the Buildings against "accidental direct physical loss." The Policy covers up to $1,083,000.00 in damage.

8.   On or about June 21, 2011, the Buildings were severely damaged by hail and wind and Living for Life made a claim to State Farm requesting coverage under the Policy. The damage is covered by the Policy.

9.   On or about July 8, 2011, David Reed, a State Farm Adjuster, inspected the Buildings. Pursuant to that inspection, on or about July 13, 2011, State Farm mailed to Living for Life a check for $13,063.87, covering external and internal damage to the Buildings, and included a Statement of Loss in which it indicated that the roofs to the Buildings could be repaired and did not need to be replaced. The amount tendered by State Farm was less than one-fourth of the amount needed to replace the severely damaged roofs and was grossly inadequate to cover the extensive damage to the exterior and interior of the Buildings.

10.  On or about July 22, 2011, Deputy Builders, Inc., an independent contractor, inspected the Buildings and found damage on each side of the roofs. It recommended that 231

7

squares of shingled roofing be replaced, comprising the entire roof, and estimated that the repairs would cost $67,675.42.

11.    Living for Life requested that State Farm reevaluate its loss determination and on or about August 15, 2011, State Farm revised its previous determination and sent Living for Life a supplemental payment in the amount of $2,979.87, representing the amount needed to repair ridge vents on the roofs.  The amount designated to repair the roof shingles was not increased and State Farm maintained its position that the roofs to the Buildings could be repaired and did not need to be replaced.

12.    On or about September 14, 2011, Baez Roofing, an independent contractor, inspected the Buildings and found considerable wind and hail damage.  It indicated that damage was evident on the roofing shingles, ridge vents, and gutters, and recommended that the entire roof be replaced to prevent further damage to the shingle surface and the underlying structure.

13.    On or about October 13, 2011, Living for Life, acting through counsel, contacted State Farm and informed State Farm of the additional inspections and estimates to repair the roofs.

14.    On or about January 10, 2012, State Farm re-inspected the Buildings, revised its previous determination, and sent Living for Life a supplemental payment in the amount of $36.12, representing the amount needed to repair three additional squares of shingled roofing. State Farm maintained its position that the roofs to the Buildings could be repaired and did not need to be replaced.

15.    On or about February 24, 2012, Mallia Engineering Company, an independent contractor, inspected the Buildings and determined that the shingles showed damage caused by

severe weather. It found no evidence of faulty installation and recommended that the entire roof be replaced to remedy the defective condition.

16.     In total, State Farm has paid to replace 87.67 squares of shingled roofing, comprising less than half of the roofs.

17.     On April 26, 2012, Living for Life made a written demand on State Farm for payment to cover the complete removal and replacement of the roofs on the Buildings.

18.     As of the date of this complaint, State Farm refuses to pay the amount of the loss and maintains its opinion that the roofs on the Buildings can be disjointedly repaired with piecemeal application of individual shingles, despite being provided with evaluations stating that the entire roof needed to be replaced to prevent future damage to the interior and exterior of the Buildings.

### III. CAUSES OF ACTION

### COUNT I. BREACH OF CONTRACT

19.     Living for Life incorporates the allegations set forth in paragraphs 1 through 18 above as if set forth fully herein.

20.     At the time the Buildings were severely damaged, the Buildings were covered by a policy of insurance issued by State Farm.

21.     Section I of the Policy provides that State Farm will "pay for accidental direct physical loss" to the property covered under the policy, unless the loss was subject to stated exclusions or limitations. The declarations state that the buildings covered by the Policy are buildings one and two, located at 3305 Tazewell Pike, Knoxville, Tennessee 37918, and that the Buildings are covered for up to $1,083,000.00 in damage.

22.     No exclusions apply to the severe weather damage suffered by the Buildings and State Farm does not assert otherwise.

23.     In an effort to save itself money, State Farm is ignoring the true nature of the damage caused to the Buildings and neglecting its obligations under the Policy.

24.     State Farm's continued attempts to provide for haphazard, piecemeal repairs to unconnected portions of the roof is in breach of its contractual obligation to compensate Living for Life for the accidental direct physical losses suffered to the Buildings covered by the Policy.

## COUNT II – BAD FAITH REFUSAL TO PAY

25.     Living for Life incorporates the allegations set forth in paragraphs 1 through 24 above as if set forth fully herein.

26.     On April 26, 2012, Living for Life made a written demand on State Farm for payment to cover the complete removal and replacement of the roofs on the Buildings.

24.     Over ten months have passed since Living for Life made his formal demand for payment, and State Farm has refused to make such payment.

25.     There is no basis in law or fact to justify State Farm's refusal to pay.

26.     The Policy provides coverage for the damages alleged by Living for Life and the policy of insurance has, by its terms, become due and payable.

27.     State Farm has mischaracterized the extent of damage and ignored its obligations under the Policy solely for the purpose of attempting to escape liability under the Policy.

27.     State Farm's refusal to pay is in bad faith. In the Statement of Loss provided by State Farm, it has agreed to pay for damages to bedrooms and internal structures caused by the severe hail and wind damage while simultaneously refusing to pay to repair the roofs directly above these areas, which is the root cause of the internal damage. If the roofs are not replaced, the interior damage will continue to occur. Furthermore, arbitrary repairs to unconnected

portions of the roof will lead to a two-tone roof due to fading of older areas from the sun and thus create an eyesore.

28. State Farm has been notified of the subject loss, the necessary documentation has been presented, and the demand for payment has been outstanding in excess of sixty (60) days. Proper notice has been presented to State Farm pursuant to T.C.A. § 56-7-105 and State Farm has refused in bad faith to issue payment as demanded.

29. As a result of State Farm's bad-faith refusal to pay, Plaintiff has incurred additional expense, loss and injury, including attorney fees, thereby justifying imposition of a twenty-five percent (25%) bad faith penalty as provided by T.C.A. § 56-7-105.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That State Farm be served with a copy of this Complaint and be required to answer the Complaint fully and truthfully;

2. That the Court find that State Farm has breached the insurance Policy and is liable to Living for Life for the cost to replace the roofs and for damages caused by the breach;

3. That the Court find that State Farm has acted with bad faith in refusing to pay and award a 25% bad faith penalty pursuant to T.C.A.§ 56-7-105;

4. That the Court order State Farm to pay Living for Life damages in an amount not less than $75,000.00;

5. That the Court award attorney fees;

6. That the Court award pre-judgment interest pursuant to T.C.A.§ 47-14-123;

7. That a jury be impaneled to hear all issue; and

8.    That Plaintiff be awarded such further relief as this Honorable Court deems

appropriate.

Respectfully submitted this ____9____ day of ____Apr.1____, 2013.

WOOLF, MCCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC

By: _____

Michael J. King, #015523
William F. Clayton, #031075

P.O. Box 900
Knoxville, Tennessee  37901
(865)215-1000

Attorneys for Living for Life, LLC

12

## COST BOND

We acknowledge ourselves as surety for all costs and taxes in this case in accordance with Tenn. Code Ann. § 20-12-120.

PRINCIPAL:

By: _____
    Living for Life, LLC

SURETY:

WOOLF, McCLANE, BRIGHT,
  ALLEN & CARPENTER, PLLC

By: _____
    Michael J. King, #015523
    William F. Clayton, #031075

Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

Attorneys for Living for Life, LLC

782654.1

19c1310900118

# COPY ³            *ATS*

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

FILED

| | |
|---|---|
| LIVING FOR LIFE, LLC 2013 APR 9 PM 3 11 ) | |
| CATHERINE F. QUIST ) | |
| **Plaintiff,** CIRCUIT COURT CLERK ) | |
| ) | No. 3-171-13 |
| **vs.** ) | |
| ) | |
| **STATE FARM FIRE AND** ) | |
| **CASUALTY COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

### SUMMONS

To:   **State Farm Fire and Casualty Company**
**c/o Commissioner of the Tennessee Department of Commerce and Insurance**
**500 James Robertson Parkway, 5th Floor**
**Nashville, Tennessee 37243.**

You are hereby summoned and required to serve upon Michael J. King, Plaintiff's

attorney, whose address is Woolf, McClane, Bright, Allen & Carpenter, PLLC, 900 South Gay

Street, P.O. Box 900, Knoxville, Tennessee 37901-0900, an answer to the Complaint herewith

served upon you within 30 days after service of this Summons and Complaint upon you,

exclusive of the day of service. If you fail to do so, judgment by default can be taken against you

for the relief demanded in the Complaint.

Issued and testified this __9__ day of __April__, 2013.

_____
Clerk

_____
Deputy Clerk

788227.1

# NOTICE

<u>To the Defendant:</u>

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. T.C.A. § 26-2-114.

# SERVICE INFORMATION

<u>To the process server:</u> Defendant **State Farm Fire and Casualty Company** may be served with process at: c/o Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243.

# RETURN

I received this summons on the _____ day of _____, 2013.

I hereby certify and return that on the _____ day of _____, 2013, I:

( ) served this summons and a complaint on Defendant State Farm Fire and Casualty Company in the following manner:

_____

_____

( ) failed to serve this summons within 30 days after its issuance because:

_____

_____
Process Server

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

April 12, 2013

State Farm Fire & Casualty Company           Certified Mail
2500 Memorial Boulevard % Jeff Shay           Return Receipt Requested
Murfreesboro, TN 37131-0001                   7012 1010 0002 9224 6283
NAIC # 25143                                  Cashier # 8534

Re:   Living For Life, Llc   V.   State Farm Fire & Casualty Company

      Docket # 3-171-3

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served April 12, 2013, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Knox County
    400 Main Avenue, Rm M-30 C/C Bldg
    Knoxville, Tn  37902

REC'D BY JEFF SHAY

APR 1 7 2013

ROUTE TO:
COPIES TO:

 CERTIFIED MAIL



State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

7012 1010 0002 9224 6283

FIRST CLASS

UNITED STATES PO

02 1M
00042928
MAILED FF

**RECEIVED**

APR 17 2013

**R.O. MAILROOM**

REC'D BY JEFF SHAY

APR 17 2013

ROUTE TO:
COPIES TO:

7012 1010 0002 9224 6283        04/12/2013
STATE FARM FIRE & CASUALTY COMPANY
2500 MEMORIAL BOULEVARD % JEFF SHAY
MURFREESBORO, TN  37131-0001

19c1310900107